**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENZHOU CHUYIN ELECTRONICS CO., LTD., | ) | Civil Action No. 2:26-cv-2262 |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Wenzhou Chuyin Electronics Co., Ltd. ("Plaintiff"), by its undersigned counsel, brings this Complaint against the Partnerships and Unincorporated Associations identified on Schedule A (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Design Patent No. D1,109,423 S (the "D'423 Patent") under the Patent Act, 35 U.S.C. § 1 *et seq*.

2. Defendants operate online storefronts on the Amazon.com, Temu.com, and eBay.com marketplaces. Through those storefronts, Defendants offer to sell, sell, and/or import into the United States cordless hair-straightening combs whose appearance is substantially the same as the design claimed in the D'423 Patent (the "Accused Products").

3. Each Defendant's storefront name, marketplace identifier, displayed business information (if any), and accused listings are identified on Schedule A, which Plaintiff is submitting under seal subject to leave of Court and which is incorporated herein by reference.

4. Plaintiff seeks injunctive relief, damages adequate to compensate for the

infringement or, alternatively, Defendants' total profits under 35 U.S.C. § 289, costs, interest, and such other relief as the Court deems just.

## THE PARTIES

5. Plaintiff is a company organized under the laws of the People's Republic of China with its principal place of business in Zhejiang Province, China. Plaintiff is identified on the face of the D'423 Patent as its applicant and is the owner of all right, title, and interest in and to the D'423 Patent, including the right to sue for past and ongoing infringement and recover damages.

6. Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup who own or operate the Amazon.com, Temu.com, and eBay.com storefronts identified on Schedule A. Defendants do business under storefront names that differ from the business names, if any, displayed on their seller or store profiles.

7. The seller or store profiles of Defendants display either a business name and an address in the People's Republic of China or no business name or address. On information and belief, each Defendant resides or is domiciled outside of the United States.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

9. This Court has personal jurisdiction over each Defendant because, among other things, each Defendant has minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Pennsylvania and within this District. Each Defendant operates an interactive storefront through which it offers the Accused Products to consumers in Pennsylvania, including in this District. Each Defendant accepted an order for an Accused Product to be delivered to Pittsburgh, Pennsylvania 15203, within this District. Plaintiff's claims arise out

of and relate to those offers and sales. Pennsylvania's long-arm statute extends jurisdiction to the fullest extent permitted by the United States Constitution. 42 Pa. Cons. Stat. § 5322. Exercise of jurisdiction comports with the traditional notions of fair play and substantial justice.

10. In the alternative, to the extent any Defendant is not subject to the jurisdiction of the courts of general jurisdiction of any State, this Court has personal jurisdiction over that Defendant under Federal Rule of Civil Procedure 4(k)(2), because Plaintiff's claim arises under federal law and the exercise of jurisdiction is consistent with the United States Constitution and laws in view of Defendants' offers and sales of the Accused Products to consumers throughout the United States.

11. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because, on information and belief, each Defendant is not a resident of the United States and therefore may be sued in any judicial district.

12. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim, including Defendants' offers to sell and sales of the Accused Products for delivery to Pittsburgh, Pennsylvania, occurred in this District.

## JOINDER

13. Joinder of Defendants is proper under Federal Rule of Civil Procedure 20(a)(2) and 35 U.S.C. § 299(a). Plaintiff does not rely alone on the allegation that each Defendant infringes the D'423 Patent. Plaintiff alleges, based on the common product configuration and the overlapping characteristics of the Accused Products, that Defendants' accused activities are connected through a common source and arise from the same series of transactions or occurrences.

14. The Accused Products are the same products featuring a common product configuration: an elongated housing with rounded ends; a head insert with a rounded perimeter set

within a raised border on the upper face; and, below the head, an elongated display panel aligned on the same long axis. These substantially identical units are sold under different brand names, or no brand name, by separately registered storefronts to the same customer pool.

15. The Accused Products and their listings exhibit multiple distinctive, overlapping characteristics showing a common manufacturing, distribution, or listing source, strongly indicative of the same series of transactions or occurrences. For example, eight Defendants offer Accused Products with substantially identical, distinctive two-tone color arrangements, particularly with respect to the power button and side-edge accent, and a majority of them market Accused Products under the same or substantially similar distinctive product designation in their listing titles. Certain Defendants also share unusual wording, including the same nonstandard spelling, and overlapping technical specifications in their product descriptions.

16. Questions of fact common to all Defendants will arise in this action, including the identity and configuration of the Accused Products, the source and development of the Accused Products, the scope and validity of the D’423 Patent, the relevant prior art considered under the ordinary-observer test, and the ordinary-observer comparison between the patented design and the Accused Products’ common configuration.

17. Discovery may further establish the nature and extent of the common source or series of transactions or occurrences. To the extent the Court determines that any Defendant has been improperly joined, Plaintiff requests that the Court exercise its discretion under Federal Rule of Civil Procedure 21 to sever the claims against that Defendant rather than dismiss them.

## FACTUAL BACKGROUND

### A. The D’423 Patent

18. The United States Patent and Trademark Office (“USPTO”) issued the D’423

Patent, titled "Cordless Hair Straightening Comb," on January 13, 2026. Shangjing Xie is the named inventor. A true copy of the D'423 Patent is attached as Exhibit 1.

19. The D'423 Patent contains a single claim: "The ornamental design for a cordless hair straightening comb as shown and described." As illustrated in the patent drawings of the D'423 Patent, the claimed design includes an elongated housing with rounded ends, an upper head surround, and a lower elongated control surround within which a smaller oblong element is nested near its lower end, arranged along the long axis of the housing.

20. Plaintiff manufactures and sells cordless hair-straightening combs embodying the design claimed in the D'423 Patent and competes for the same online customers to whom Defendants offer the Accused Products.

**B. Defendants' Infringing Conduct**

21. Between September 30 and October 3, 2026, Plaintiff's investigation preserved, for each Defendant, the relevant marketplace listings for the Accused Products and Defendants' seller or store profiles. Plaintiff's representative placed orders for the Accused Products on the three marketplaces from the Defendants as sellers, for delivery to Pittsburgh, Pennsylvania 15203.

22. Each Accused Product, as depicted in its marketplace listing, has substantially the same overall appearance as the design claimed in the D'423 Patent, including an elongated housing with rounded ends, a head surround on the upper face, and an elongated control surround aligned below it.

23. Defendants are not licensed or otherwise authorized by Plaintiff to make, use, offer to sell, sell, or import into the United States products embodying the design claimed in the D'423 Patent or any colorable imitation of it.

24. In the eye of an ordinary observer familiar with the prior art, giving such attention as a purchaser usually gives, the design of each Accused Product is substantially the same as the design claimed in the D'423 Patent, such that the resemblance is such as to deceive the observer, inducing the observer to purchase an Accused Product supposing it to be the patented design.

## COUNT I
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,109,423 S
## (35 U.S.C. § 271)

25. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

26. The D'423 Patent was duly and legally issued, is in full force and effect, and is presumed valid under 35 U.S.C. § 282(a).

27. Defendants have infringed and continue to infringe the D'423 Patent under 35 U.S.C. § 271(a) by, among other things, offering to sell, selling, and/or importing into the United States the Accused Products identified on Schedule A.

28. Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

29. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284 or, at Plaintiff's election, Defendants' total profits from their sales of the Accused Products under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and grant the following relief:

A. A judgment that each Defendant has infringed the D'423 Patent;

B. A temporary restraining order and preliminary and permanent injunctions under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65 enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of the order or injunctions, from making, using, offering to sell, selling, or importing into the United States the Accused Products and any product not more than colorably different from them;

C. An award of damages adequate to compensate Plaintiff for Defendants' infringement under 35 U.S.C. § 284 or, at Plaintiff's election, Defendants' total profits under 35 U.S.C. § 289;

D. A finding that this case is exceptional and an award of reasonable attorney fees under 35 U.S.C. § 285;

E. An award of costs and of pre-judgment and post-judgment interest; and

F. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 20, 2026

Respectfully submitted,



Chen Xue

*Proposed Pro Hac Vice Counsel for Plaintiff*
*Wenzhou Chuyin Electronics Co., Ltd.*